UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                      Criminal Case No. 15-20437-3
v.                                      Honorable Linda V. Parker

CHRISTOPHER D. BENNETT,

      Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2254 AND MOTION TO AMEND ORIGINAL MOTION**

On January 13, 2016, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951 (i.e., "Hobbs Act robbery") and one count of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). In the plea agreement, Defendant admitted that he committed at least ten other Hobbs Act robberies and brandished or possessed a firearm during each of these robberies. (ECF No. 64 at Pg ID 217.) On February 21, 2017, this Court sentenced Defendant to consecutive terms of imprisonment of 108 months on the Hobbs Act robbery conviction and 84 months on the use of a firearm conviction. (ECF No. 99.)

The matter is presently before the Court on Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 125.)  In his motion, Defendant argues that this conviction under § 924(c) should be vacated as unconstitutionally vague pursuant to the Supreme Court's decision in *Sessions v. Dimaya*, -- U.S. --, 138 S. Ct. 1204 (2018). The motion has been fully briefed.  (ECF Nos. 129, 130.) Defendant also has filed a motion to amend his § 2255 motion based on the Supreme Court's decision in *United States v. Davis*, -- U.S. --, 139 S. Ct. 2319 (2019).  (ECF No. 131.)  The Government responded to Defendant's motion to amend.  (ECF No. 134.)  Defendant requests an evidentiary hearing to demonstrate his entitlement to relief.

## Plaintiff's Entitlement to a Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall show cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255.  The court must hold an evidentiary hearing in § 2255 proceedings in which a factual dispute arises to determine the truth of the petitioner's claims.  *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (citing *Turner v. United States*, 183 F.3d 474, 477 (6th

2

Cir. 1999)). The Sixth Circuit has held that the burden to demonstrate entitlement to an evidentiary hearing "is relatively slight." *Id.* Nevertheless, no hearing is required if "'the record conclusively shows that the petitioner is entitled to no relief.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "Stated another way, 'no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

There are no material factual disputes raised by Defendant's motion that require an evidentiary hearing. As will be discussed *infra*, the record conclusively establishes that Defendant is not entitled to relief. The Court therefore is denying Defendant's request for a hearing.

## Standard of Review

A movant is entitled to relief under 28 U.S.C. Section 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. In order to prevail as to alleged constitutional errors, a defendant must establish "an error of constitutional magnitude which had a substantial and

injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citation omitted). Where the defendant alleges a non-constitutional error, he must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id*. (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Defendant's motion to amend his § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; *see also* Rule 12 of the Federal Rules Governing Section 2255 Proceedings in the United States District Courts. Rule 15 provides that a court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, the Supreme Court has instructed that leave to amend should be denied when, among other reasons, the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citation omitted).

**Applicable Law & Analysis**

Defendant pleaded guilty to Hobbs Act robbery in violation of 18 U.S.C. §§ 924(c)(1)(A) and 1951. Section 924(c) authorizes heightened criminal penalties

4

for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as a felony offense that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, ***or***
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis added). The first subsection is referred to as the elements clause, and the second subsection is referred to as the residual clause.

In *Davis*, the Supreme Court held that the definition of "crime of violence" in the residual clause of § 924(c)(3) is unconstitutionally vague. 139 S. Ct. at 2336. This decision expanded the Court's previous decisions in *Dimaya* and *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Davis*, 139 S. Ct. at 2326-27; *Dimaya*, 138 S. Ct. at 1213-16. In *Johnson*, the Supreme Court held that the residual-clause definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. 135 S. Ct. at 2563. *Dimaya* held that the definition of "crime of violence" in 18 U.S.C. § 16(b),which is a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is unconstitutionally

5

vague. 138 S. Ct. at 1211. In all three of these decisions, however, the Supreme Court left the elements clause of the statutes intact. *Davis*, 139 S. Ct. at 2325; *Dimaya*, 138 S. Ct. at 1224; *Johnson*, 135 S. Ct. at 2563; *see also United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020) ("*Davis* leaves intact a separate definition of crime of violence supplied by the statute's 'elements clause.' ").

Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause. *Richardson*, 948 F.3d at 741 (citing *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017)). As such, the Court rejects Defendant's argument that his conviction is unconstitutionally vague and no longer a crime of violence.

Defendant therefore is not entitled to relief under § 2255 and any amendment of his motion would be futile. Defendant cannot appeal this decision unless he first obtains a certificate of appealability under 28 U.S.C. § 2253. See Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Governing § 2255 Cases 11(a).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) [his motions] should have been

6

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). The court is satisfied that jurists of reason would not find its ruling debatable. A certificate of appealability is therefore not warranted in this case.

Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 125) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion to amend his § 2255 petition (ECF No. 131) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: December 2, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 2, 2020, by electronic and/or U.S. First Class mail.

                                                  s/ R. Loury
                                                  Case Manager