UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff,

v.

                                  Case No. 15-cr-20437-3
                                Honorable Linda V. Parker

CHRISTOPHER D. BENNETT,

    Defendant.
_____/

## ORDER TRANSFERRING MOTION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

On January 13, 2016, Defendant pled guilty pursuant to a Rule 11 plea agreement to one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951 (i.e., "Hobbs Act robbery") and one count of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  In the plea agreement, Defendant admitted that he committed at least ten other Hobbs Act robberies and brandished or possessed a firearm during each of these robberies.  (ECF No. 64 at Pg ID 217.)  On February 21, 2017, this Court sentenced Defendant to consecutive terms of imprisonment of 108 months on the Hobbs Act robbery conviction and 84 months on the use of a firearm conviction.  (ECF No. 99.)

Defendant subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 125), arguing that his conviction under § 924(c) should be vacated as unconstitutionally vague pursuant to the Supreme Court's decision in *United States v. Dimaya*, 584 U.S. --, 138 S. Ct. 1204 (2018). This Court denied Defendant's motion on December 2, 2020. (ECF No. 135.) The Court reasoned that *Dimaya* and related Supreme Court precedent addressed the residual clause of § 924(c)(3); however, Hobbs Act robbery qualifies as a crime of violence under the statute's elements clause. (*Id*. at PageID. 660-61.) Attempting to again challenge his Hobbs Act robbery conviction, Defendant filed an amended motion to vacate his sentence pursuant to § 2255 on February 9, 2024. (ECF No. 162.)

Because Defendant previously filed a § 2255 motion challenging his conviction, he requires authorization from the court of appeals before filing a second or successive motion. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Unless and until Defendant obtains leave from the Sixth Circuit Court of Appeals, this Court lacks the authority to adjudicate his motion. *See Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)). When a successive motion is filed directly in the district court without first obtaining authorization under § 2244(b)(3)(A), the district court must

transfer the case to the court of appeals. *See Sims*, 111 F.3d at 47; 28 U.S.C. § 1631.

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer Defendant's motion case to the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *Sims*, 111 F.3d at 47.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 14, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 14, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager